United States District Court
Northern District of California

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **PATRICK D REGAN,**<br>Plaintiff**,**<br>vs.<br>**CITY OF BERKELEY, ET AL.,**<br>Defendants**.** | CASE NO. 19-cv-00611-YGR<br><br>**ORDER GRANTING MOTION TO DISMISS SECOND AMENDED COMPLAINT WITH LEAVE TO AMEND**<br><br>Re: Dkt. No. 25 |

Currently pending before the Court is the Motion of defendant City of Berkeley ("City") to Dismiss Certain Claims In the Second Amended Complaint. (Dkt. No. 25.) The City moves to dismiss two claims from plaintiff Patrick D. Regan's Second Amended Complaint—the fifth cause of action for negligence and the eight cause of action for fraud and misuse of resources under 42 U.S.C. § 1983. Having carefully considered the papers submitted and the pleadings in this action, and for the reasons set forth below, the Court **GRANTS** the Motion to Dismiss **WITH LEAVE TO AMEND**.[1]

On the fifth cause of action, plaintiff has failed to allege sufficiently a basis for negligence liability that would not be barred by workers' compensation exclusivity, and that would be cognizable against a public entity despite governmental immunity as stated in Cal. Government Code section 815(a). *See Cole v. Fair Oaks Fire Prot. Dist.,* 43 Cal.3d 148, 160-61 (1987) (Cal. Labor Code 3601(c) bars tort claims based on the employers' actions); *Jones v. Dep't of Corr. & Rehab.*, 152 Cal.App.4th 1367, 1384 (2007) (Labor Code section 3601(c) "insulates the employer from common law vicarious liability to an employee for the acts of another employee"); *De Villers v. Cty. of San Diego*, 156 Cal.App.4th 238, 247 (2007) (in order to establish tort liability of

---

[1] Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds this motion appropriate for decision without oral argument. Accordingly, the Court **VACATES** the hearing set for **August 13, 2019**.

1 | governmental agency, must show either (1) vicarious liability for the actions of its employees or
2 | (2) direct liability theory by identifying a specific statute declaring the governmental entity to be
3 | liable or creating some specific duty of care in favor of the injured party). Direct tort liability
4 | against a municipality cannot be based upon the principles in California Civil Code section 1714
5 | alone, and plaintiff's suggestion to the contrary does not fairly state the applicable law he cites in
6 | the *Zelig* and *Eastburn* decisions. *See Zelig v. Cty. of Los Angeles*, 27 Cal. 4th 1112, 1132 (2002)
7 | ("To the extent the Court of Appeal determined that the provisions of Civil Code section 1714
8 | properly may be applied to extend the liability of a public entity in this setting beyond the usual
9 | reach of the "dangerous condition" provisions of Government Code section 835 . . . the appellate
10 | court was in error."); *Eastburn v. Reg'l Fire Prot. Auth.*, 31 Cal. 4th 1175, 1183 (2003) ("direct
11 | tort liability of public entities must be based on a specific statute declaring them to be liable, or at
12 | least creating some specific duty of care, and not on the general tort provisions of Civil Code
13 | section 1714").

On the eighth cause of action, plaintiff has failed to allege a cognizable basis for liability against the municipality consistent with *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690-91 (1978) ("[a] municipality cannot be held liable . . . under § 1983 on a respondent superior theory," but can only be sued directly for alleged unconstitutional conduct resulting from an official policy, pattern or practice). Plaintiff has not alleged a deprivation of rights secured by the United States Constitution or federal law, nor has he alleged a policy or custom on the part of the City.

Accordingly, the motion to dismiss claims five and eight is **GRANTED WITH LEAVE TO AMEND** to correct the above deficiencies. To the extent that plaintiff has a basis for filing a Third Amended Complaint, he shall so file by no later than **August 13, 2019** or shall file a notice that he rests on the current complaint. The City shall file its response 21 days thereafter.

This terminates Docket No. 25.

**IT IS SO ORDERED.**

Dated: July 22, 2019

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**